IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

V.                      CASE NO.    2:13-cr-20012-PKH-MEF-1
                                    2:16-cv-02044-PKH-MEF

WESLEY SYLVA                                                           DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff/Respondent's Motion Pursuant to 28 U.S.C. § 2255. (Doc. 28) Following a stay pending the decisions in *Welch*[1] and *Mathis*[2], the United States filed its Response on September 7, 2016. (Doc. 35) Petitioner has not filed a reply. The matter is ready for Report and Recommendation.

### I. Background

On March 6, 2013, Defendant/Petitioner, Wesley Sylva ("Sylva"), was named in an Indictment charging him, having previously been convicted of a crime punishable by imprisonment exceeding one year, with knowingly possessing a firearm, which had been shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1) Sylva was arrested on May 20, 2013, and he appeared for arraignment before the Hon. James R. Marschewski, Chief United States Magistrate Judge, on May 23, 2013, at which time Sylva entered a not guilty plea to the Indictment. (Doc. 8)

On July 8, 2013, Sylva appeared before the Hon. P. K. Holmes, III, Chief United States

---

[1] *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

[2] *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016).

District Judge, for a change of plea hearing. (Doc. 14) Pursuant to a written Plea Agreement (Doc. 15), Sylva pleaded guilty to the one count Indictment charging him with knowingly possessing a firearm, which had been shipped and transported in interstate commerce, after having been previously convicted of a crime punishable by imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 14; Doc. 15, ¶ 1) The Court approved the Plea Agreement and ordered a Presentence Investigation Report. (Doc. 14)

An initial Presentence Investigation Report ("PSR") was prepared on October 10, 2013. (Doc. 18) In it, Sylva's criminal conduct resulted in a base offense level of 24. (Doc. 18, ¶ 27) A two level enhancement was reported as the firearm Sylva possessed was stolen. (Doc. 18, ¶ 28) A four level enhancement was reported since Sylva used or possessed any firearm or ammunition in connection with another felony offense, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe it would be used or possessed in connection with another felony offense. (Doc. 18, ¶ 29) Further, since the offense of conviction was a violation of 18 U.S.C. § 922(g), and Sylva had at least three other prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions, Sylva was found to be an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e), which elevated Sylva's offense level to 34. (Doc. 18, ¶ 34) After a reduction of three levels for acceptance of responsibility (Doc. 18, ¶¶ 35-36), Sylva's total offense level was determined to be 31 (Doc. 18, ¶ 37).

Sylva was found to have 15 criminal history points, placing him in criminal history category VI. (Doc. 18, ¶ 55) The PSR again stated that Sylva was an armed career criminal and, therefore, the criminal history category shall be the greatest applicable under U.S.S.G. §§ 4B1.4(c)(1), (2), or

(3), which in this case is criminal history category VI. (Doc. 18, ¶ 56) Because Sylva was found to be an armed career criminal, the statutory minimum term of imprisonment was 15 years, and the statutory maximum term of imprisonment was life. (Doc. 18, ¶ 95) Based on a total offense level of 31 and a criminal history category of VI, the advisory guideline range for imprisonment was 188 to 235 months. (Doc. 18, ¶ 96) Absent the armed career criminal finding, the statutory maximum for the offense of conviction would have been not more than ten years imprisonment. (Doc. 2) Neither the United States nor Sylva expressed any objections to the PSR. (Docs. 19, 20) A final PSR was submitted to the Court on October 23, 2013. (Doc. 21)

Sylva appeared for sentencing on December 3, 2013. (Doc. 24) The Court made inquiry that Sylva was satisfied with his counsel; the PSR was reviewed in open court; counsel and Sylva were afforded the opportunity to make statements; and, the Court imposed a guidelines sentence of 188 months imprisonment, three years supervised release, no fine, and a $100.00 special assessment. (Doc. 24) Judgment was entered by the Court on December 3, 2013. (Doc. 25) Sylva did not pursue a direct appeal from the Judgment.

On March 4, 2016, Sylva filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 28) Sylva's motion cites the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015), and he argues that his prior attempted robbery conviction no longer qualifies as a violent felony, and therefore, the 15-year minimum sentence required under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), no longer applies to him. The United States' response to the motion was filed on September 7, 2016. (Doc. 35) In its response, the United States agrees that Sylva is eligible for relief under the *Johnson* decision, but not for the reason raised by Sylva in his motion.

Sylva has not filed a reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Sylva's § 2255 motion, the United States' response, and the files and records of this case conclusively show that Sylva is entitled to relief under *Johnson*, and the undersigned recommends that his motion pursuant to § 2255 (Doc. 28) be granted, his sentence be vacated, and that Sylva be resentenced.

### A. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The ACCA defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of*

      *physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

      On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch* that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review. The United States concedes that the *Johnson* rule is retroactive to Sylva's ACCA-enhanced sentence under his motion for relief brought pursuant to 28 U.S.C. § 2255. (Doc. 35, p. 4)

### B. Timeliness

      A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The operative date in this case is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 225(f)(3). Here, the new rule announced in *Johnson*, made retroactively applicable to cases on collateral review, was recognized by the Supreme Court on June 26, 2015. Sylva's § 2255 motion was filed on March 4, 2016, which as the United States concedes, is within the one-year limitations period prescribed in 28 U.S.C. § 2255(f)(3).

### C. Sylva's Kansas Attempted Robbery Conviction

Sylva contends that by virtue of the Supreme Court's ruling in *Johnson*, his prior conviction for attempted robbery no longer qualifies as a valid predicate offense under the ACCA. Curiously, Sylva's motion refers to the Minnesota and Arkansas robbery statutes (Doc. 28, pp. 3-4), but his conviction for attempted robbery was in the State of Kansas. As reflected in the PSR, which was not objected to, Sylva was convicted of attempted robbery in the District Court of Johnson County, Kansas, on September 10, 1986. (Doc. 21, ¶ 43) A copy of the Journal Entry for this prior conviction is attached to the United States' response. (Doc. 35-1, pp. 4-6) The Journal Entry clearly indicates that the conviction is for attempted robbery as that offense is defined in K.S.A. 21-3426. (Doc. 35-1, p. 4)

At the time of his conviction, K.S.A. 21-3426 provided that "robbery is the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another by force." *See State v. Myers*, 230 Kan. 697, 702, 640 P.2d 1245, 1249 (1982). Thus, under Kansas law, a robbery must involve either (1) the threat of bodily harm, or (2) the use of force. K.S.A. 21-

3301[3] defined criminal attempt as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." To qualify as a predicate offense under the "force clause" of the ACCA, a prior conviction must have "as an element the use, *attempted use*, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I) (emphasis added). Both alternatives of the Kansas robbery statute that Sylva was convicted of meet the force criteria of the ACCA as the offense involves either the threatened use of bodily harm or the actual use of physical force in the taking of property from another. Further, while Sylva's conviction was for attempted robbery, the ACCA specifically includes crimes that have as an element the "attempted use" of physical force. Accordingly, the undersigned finds that Sylva's 1986 Kansas conviction for attempted robbery qualifies as a prior offense under the force clause of the ACCA.

### D. Sylva's Kansas Conviction for Indecent Liberties with a Child

The United States concedes in its response that Sylva's prior conviction for indecent liberties with a child can no longer serve as a "violent felony" predicate offense for ACCA enhancement due to the retroactive application of *Johnson*. The undersigned agrees.

The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" in three alternative ways: a violent felony can either be a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"), or "is

---

[3] K.S.A. 21-3301 was repealed by Laws 2010, ch. 136, § 307, eff. July 1, 2011; Laws 2011, ch. 30, § 288, eff. July 1, 2011; and was recodified as K.S.A. 21-5301.

burglary, arson, or extortion, involves use of explosives" (the "enumerated offense clause"), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B)(i) and (ii).

In *Johnson*, the Supreme Court held that the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is impermissibly vague, and that imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.

Sylva was subject to an enhanced sentence under the ACCA based on his three prior felony convictions for Attempted Robbery (PSR; Doc. 21, ¶ 43), Indecent Liberties with a Child Under the Age of 16 (PSR; Doc. 21, ¶ 45), and Possession of a Controlled Substance with Intent to Distribute (PSR; Doc. 21, ¶ 49). The United States admits that Sylva's prior conviction for indecent liberties with a child is no longer a "violent felony" conviction for ACCA enhancement purposes because its designation as a "violent felony" falls under the ACCA's residual clause, and the *Johnson* decision declared the ACCA's residual clause to be unconstitutional.

Under Kansas law at the time Sylva was convicted, indecent liberties with a child was defined at K.S.A. 21–3503(1) to include any of the following conduct with a child who is under 16 years of age:

> (a) Sexual intercourse; or
>
> (b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or
>
> (c) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another.

*State v. Peltier*, 249 Kan. 415, 425, 819 P.2d 628, 635 (1991).[4]

Because the statutory definition of the offense contains alternative means by which the offense may be committed, the modified categorical approach must be used to determine which of the alternative means constitute a basis for Sylva's conviction. *See United States v. Roblero-Ramirez*, 716 F.3d 1122, 1125 (8th Cir. 2013). Under the modified categorical approach, courts do not consider what a defendant's actual conduct might have been, but look only "to the charging documents, plea agreement, jury instructions, or comparable judicial records to determine whether the prior offense qualifies" as a crime of violence. *Id.* As reported in the PSR, these records indicate that Sylva was found guilty by a jury of "unlawfully, knowingly, willfully and feloniously engag[ing] in sexual intercourse with a child, [A.K.], under the age of 16 years, who was not his spouse, with the intent to arouse or satisfy his sexual desires." (PSR; Doc. 21, ¶ 45) Thus, Sylva was convicted under K.S.A. 21-3503(1)(a) with having sexual intercourse with someone under the age of 16.

As the United States points out in its response, the Eighth Circuit has consistently held that statutory rape convictions constitute a crime of violence under the residual clauses of the ACCA and U.S.S.G. § 4B1.2(a)(2). In *United States v. Dawn*, 685 F.3d 790, 796-97) (8th Cir. 2012), the Eighth Circuit referenced a number of its opinions in which it has held that sexual offenses involving minors are crimes of violence pursuant to U.S.S.G. § 4B1.2(a)(2) because "sexual contact between parties of differing physical and emotional maturity carries a substantial risk that physical force may be used in the course of committing the offense." *Dawn*, 685 F.3d at 796 (internal citations omitted).

---

[4] *Peltier* cites the statutue as K.S.A. 1990 Supp. 21-3503(1). A review of the history of the statute reveals the statute was changed in 1989 and then again in 1993.

In *United States v. Scudder*, 648 F.3d 630 (8th Cir. 2011), the Eighth Circuit held that a defendant's child molestation convictions were "similar in risk" to the crimes listed in the ACCA's residual clause. *Scudder*, 648 F.3d at 634. *Scudder* involved an Indiana child molestation statute which punished sexual touching of a 12 to 16 year old by someone over 16. *Id.* at 633. The Eighth Circuit cited to *United States v. Mincks*, 409 F.3d 898, 900 (8th Cir. 2005), for the rationale that statutory sexual offenses categorically present a serious potential risk of physical injury. *Id*. The Eighth Circuit specifically explained its rationale as follows:

> In *United States v. Mincks*, we held that statutory sexual offenses "categorically ... present a serious potential risk of physical injury to another because 'this type of contact between parties of differing physical and emotional maturity carries a substantial risk that physical force ... may be used in the course of committing the offense.'"

*Id*. at 633-34 (*quoting Mincks*, 409 F.3d at 900).

Upon such authorities, it is clear that Sylva's prior conviction for indecent liberties with a child would only qualify as a "violent felony" under the ACCA's residual clause - which has now been found void for vagueness under *Johnson*. Recognizing this, the United States acknowledges that Sylva's prior conviction for indecent liberties with a minor cannot be used as a predicate offense to establish his status as an armed career criminal.

Accordingly, the United States concedes that Sylva's sentence should be vacated, and that he should be resentenced without the ACCA designation based on his prior conviction for indent liberties with a child. The United States notes, however, that it is not conceding that any of the remainder of Sylva's prior criminal history may not still qualify him as an armed career criminal offender, and the United States reserves any additional arguments it may have regarding the PSR or the specific sentencing enhancements that may apply in Sylva's case.

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Sylva's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 28) be **GRANTED**; that Sylva's sentence as enhanced by the ACCA be vacated; and, that Sylva be scheduled for resentencing without the ACCA designation based on his prior conviction in Kansas for indent liberties with a child.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 15th day of September, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE